*E-FILED - 8/17/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ADRIAN FULLER, | No. C 10-2546 RMW (PR) |
| Plaintiff, | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. | |
| WILLIAM MARYOWI, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses most claims and serves the remaining claim.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1 Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged violation was committed by a person acting under the color of state law. See West v.
5 Atkins, 487 U.S. 42, 48 (1988).

6 B.    Plaintiff's Claims

7     In 2008, plaintiff pleaded guilty in Sonoma County Superior Court to one count of
8 receiving stolen property. In November or December 2008, plaintiff was unwilling to submit to
9 a Turning Point, a residential drug treatment program, as directed by his probation officer. In
10 December 2009, plaintiff left the program and was found guilty of violating a condition of his
11 probation and sentenced to three years. In plaintiff's complaint, he raises six claims, most of
12 which revolve around his underlying criminal proceedings.

13     1.    <u>Claims 1, 3, 5, and 6 -- underlying criminal proceedings</u>

14     In his first claim, plaintiff states that defendants Marioni, Stogner, Lagge, "Doe," and
15 Judge Daum conspired against him to deprive him of access to the courts. In general, plaintiff
16 appears to be challenging the voluntariness of his guilty plea, resulting conviction, and appeal
17 process. Plaintiff also disagrees with the trial court's rulings.

18     In his third and fifth claims, plaintiff contends that in September and October 2009, prior
19 to the revocation of his probation, attorney Marie Case conspired with Judges Beaupre and
20 Guynup to deny him access to the courts. Specifically, plaintiff disagrees with the handling of
21 his probation revocation hearing. For example, he states that Judge Guynup was not authorized
22 to preside over his hearing; he and his attorney had a total breakdown in communication and she
23 refused to file certain motions on his behalf; and Judge Beaupre denied his motions to set aside a
24 defective judgment, for an appeal bond, and others. In his sixth claim, plaintiff includes
25 appellate attorney Robert L.S. Angres as joining in the conspiracy described above.

26     The judges who preside over plaintiff's criminal case have absolute judicial immunity for
27 the acts alleged in the complaint, as the allegations concern decisions they made in presiding

28

over the case and those are acts performed in their judicial capacity.  See Pierson v. Ray, 386 U.S. 547, 553-55 (1967).  Further, although the doctrine of judicial immunity does not bar claims for injunctive relief in § 1983 actions, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), section 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Here, no such showing has been made. Thus, Judges Daum, Beaupre, Antolini and Guynup are DISMISSED.

  Plaintiff's defense attorneys Marioni, Stogner, Case, and Angres are not state actors who can be sued in a § 1983 action.  State court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes.  A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).  All of the allegations plaintiff makes against his defense attorneys involve traditional lawyering functions in criminal cases.  Thus, defendants Marioni, Stogner, Case and Angres are DISMISSED.

  In addition, when a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983  claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v.

Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing).  Here, plaintiff's claim involves his conviction and sentence obtained by an allegedly involuntary guilty plea and a subsequent probation revocation.  The substance of plaintiff's claims is an attack on the validity of his confinement such that it necessarily implies the validity of his continuing confinement.  Thus, plaintiff's Claims 1, 3, 5, and 6 are DISMISSED for failure to state a claim.

        2.     Claim 2 -- Establishment Clause

In his second claim, plaintiff alleges that requiring him to participate in Turning Point, an Alcoholics Anonymous ("AA") and Narcotics Anonymous drug treatment residential facility, violated the Establishment Clause because the teachings of AA were contrary to the teachings of plaintiff's church.  Liberally construed, plaintiff states a cognizable claim for relief.

However, although Judge Daum proposed the condition of probation, he has absolute judicial immunity decisions he made in presiding over the case if performed in his judicial capacity.  See Pierson, 386 U.S. at 553-55.  Thus, Judge Daum is DISMISSED.

Plaintiff also names several "Doe" defendants in this claim and others.  Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  See Gillespie, 629 F.2d at 642.  Here, Doe defendants are DISMISSED without prejudice.  Should plaintiff discover their identities in a timely manner, he may move to add them to the complaint at a later date.

3.      Claim 4

In his fourth claim, plaintiff states that on September 16, 2009, after plaintiff was arrested, ABC Towing Company was instructed by Sergeant "Doe" to tow his truck. Plaintiff contests the legality of the towing and claims he was deprived of his property without due process.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, however. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmates property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Thus, this claim is DISMISSED for failure to state a claim.

Moreover, because Sergeant "Doe" is "Doe" defendant, he must be dismissed for the reasons stated above. In addition, ABC Towing is not a state actor and thus, does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Accordingly, both Doe and ABC Towing are DISMISSED.

C.      Motion for Injunction/ Temporary Restraining Order

Plaintiff has filed a motion for injunction or a temporary restraining order. Specifically, he asks this court to mandate the Sonoma County Superior Court to show cause why some

documents that plaintiff believes he filed have not been addressed yet. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b). Here, the defendants upon whom plaintiff wishes to enjoin have been dismissed for the reasons stated above. Thus, plaintiff's motion is DENIED.

D.     Motion for Appointment of Counsel

Plaintiff requests the appointment of counsel to assist him in litigating his motion for an injunction or temporary restraining order. It appears that what plaintiff really wants is help in sorting through his state court proceedings. Nevertheless, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Thus far, plaintiff has not demonstrated any exceptional circumstances regarding his ability to articulate his remaining cognizable claim pro se. However, should the issue become

more complex, the court will sua sponte consider appointing counsel on plaintiff's behalf.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Claims 1, 3, 4, 5, and 6 are DISMISSED. Defendants William Marioni, Joseph Stogner, Marie Case, Ned Lagge, Owner/Manager ABC Towing, Robert Angres, and all named Judges are DISMISSED.

2. Plaintiff's motion for an injunction / temporary restraining order is DENIED. Plaintiff's motion for appointment of counsel is DENIED.

3. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on **Richard A. Ortiz** and **Scott Dipman** at **Sonoma County Probation Department, 600 Administration Dr., Santa Rosa, CA 95403; Sharon Shanahan** at **TASC, 1250 Coddingtown Center, Santa Rosa, CA 95401;** and **Carla Hutson**, **Dian Frei**, **Rick McKinnis**, and **John Daily** at **Turning Point, 440 Arrowood Dr., Santa Rosa, CA 95407.**. The clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the amended complaint to the California Attorney General's Office.

4. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

   a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion**

1 **that this case cannot be resolved by summary judgment, they shall so inform the court**
2 **prior to the date the summary judgment motion is due.**

3       5.      Plaintiff's opposition to the dispositive motion shall be filed with the court and
4 served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

5       a.      In the event defendants file an unenumerated motion to dismiss under
6 Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

13       b.      In the event defendants file a motion for summary judgment, the
14 Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

25 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.10\Fuller546dissrv.wpd     8

1  Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317
2  (1986) (holding party opposing summary judgment must come forward with evidence showing
3  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that
4  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a
5  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff
6  without a trial.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges
7  v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

8         6.     Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's
9  opposition is filed.

10        7.     The motion shall be deemed submitted as of the date the reply brief is due.  No
11 hearing will be held on the motion unless the court so orders at a later date.

12        8.     All communications by the plaintiff with the court must be served on defendant,
13 or defendant's counsel once counsel has been designated, by mailing a true copy of the
14 document to defendant or defendant's counsel.

15        9.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
16 No further court order is required before the parties may conduct discovery.

17        For plaintiff's information, the proper manner of promulgating discovery is to send
18 demands for documents or interrogatories (questions asking for specific, factual responses)
19 directly to defendants' counsel.  <u>See</u> Fed. R. Civ. P. 33-34.  The scope of discovery is limited to
20 matters "relevant to the claim or defense of any party . . ."  <u>See</u> Fed. R. Civ. P. 26(b)(1).
21 Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
22 cumulative or duplicative, or is obtainable from some other source that is more convenient, less
23 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
24 discovery in the action to obtain the information sought; or (iii) the burden or expense of the
25 proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply
26 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
27 to his benefit to wait until defendants have filed a dispositive motion which could include some</u>

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.Rmw\CR.10\Fuller546dissrv.wpd        9

1  or all of the discovery plaintiff might seek. In addition, no motion to compel will be considered
2  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
3  Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer
4  with defendants in person. Rather, if his discovery requests are denied and he intends to seek a
5  motion to compel he must send a letter to defendants to that effect, offering them one last
6  opportunity to provide him with the sought-after information.

7       10.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
8  and all parties informed of any change of address and must comply with the court's orders in a
9  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
10 pursuant to Federal Rule of Civil Procedure 41(b).

11      This order terminates docket numbers 5 and 6.

12      IT IS SO ORDERED.

13 DATED:   8/17/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge